NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2751-15T3

IN THE MATTER OF THE
ESTATE OF ALICE M.
MALSBERGER, DECEASED.
————————————————————————————

 Submitted March 9, 2017 – Decided July 14, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Probate Part, Burlington
 County, Docket No. 2015-1696.

 Gary Stewart Seflin, attorney for appellant
 Lilia E. Lawler, Executrix of the Estate of
 Robert Rich (Trevor C. Serine, on the briefs).

 Bernetich, Hatzell & Pascu, L.L.C., attorneys
 for respondent Patricia White (Donald F.
 Browne, Jr., on the brief).

 J. Llewellyn Mathews, attorney for respondent
 Emanuel Pratsinakis.

 George N. Styliades, attorney for respondents
 Dionysis Nicholaou and Anna Nicholaou, join
 in the brief of respondent Emanuel
 Pratsinakis.

PER CURIAM

 The Estate of Robert Rich (appellant) appeals from a February

18, 2016 Chancery Division order admitting to probate the proffered

will (Proposed Will) of Alice M. Malsberger (Alice). We affirm.
 I.

 The material facts are not in dispute. Alice died on May 26,

2015. Following Alice's death, plaintiff Patricia White, a niece

by marriage, found a handwritten document among Alice's personal

papers in Alice's kitchen. The handwritten documents stated:

 I'm Alice Malsberger – I wish to be cremated
 upon my death – along with my husband Joe –
 our ashes placed in a similar (illegible) and
 placed in mausoleum. I wish my estate be sold
 & divide in three and 1/3 granted to Fr.
 Emmanuel, one third to Patricia White, and one
 third to Dionysis & Anna Nicholaou. I want
 Pat White to be executrix. I intend to see a
 lawyer & to validate everything.

 On October 8, 2015, an investigation identified Robert Rich

of Philadelphia as Alice's next of kin and sole intestate heir.

The following week, plaintiff filed a verified complaint in the

Probate Part seeking to admit the Proposed Will to probate. On

December 20, 2015, Rich died. On February 2, 2016, Rich's executor

filed an answer to plaintiff's complaint, disputing plaintiff's

allegations.

 All parties agreed the matter did not require discovery, and

the handwriting on the Proposed Will belonged to Alice. After

hearing argument, Judge Paula Dow proceeded to "try the action on

the pleadings and affidavits, and render final judgment thereon."

R. 4:67-5. On February 18, 2016, the judge issued an order

 2 A-2751-15T3
admitting the Proposed Will to probate, accompanied by an eight-

page written opinion. In pertinent part, the judge stated:

 In the present case, the [c]ourt finds that
 [Alice] intended for the handwritten document
 to constitute a will and simply intended to
 see a lawyer for any procedural formalities
 which were lacking.

 . . . .

 In sum, under analysis of both N.J.S.A. 3B:3-
 2(b) and N.J.S.A. 3B:3-3, the [c]ourt finds
 that [p]laintiff has met the burden by clear
 and convincing evidence of demonstrating that
 the purported will was written by [Alice] and
 was intended to constitute a valid last will
 and testament.

 This appeal followed. Appellant challenges the findings and

conclusions of the trial court, asserting the court abused its

discretion by ignoring and misinterpreting the plain text of the

Proposed Will. We disagree.

 At issue is whether the Proposed Will sufficiently represents

Alice's final testamentary intent to be admitted into probate

under N.J.S.A. 3B:3-3. Since, as the parties agree, there is no

genuine issue of material fact, the matter was ripe for summary

judgment as involving only a question of law, Brill v. Guardian

Life Ins. Co. of Am., 142 N.J. 520, 529 (1995), to which we owe

the motion court no special deference. Manalapan Realty, L.P. v.

Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

 3 A-2751-15T3
 A.

 N.J.S.A. 3B:3-2 sets forth the technical requirements for

writings intended as wills:

 a. Except as provided in subsection b. and in
 [N.J.S.A.] 3B:3-3, a will shall be:

 (1) in writing;

 (2) signed by the testator or in the
 testator's name by some other
 individual in the testator's
 conscious presence and at the
 testator's direction; and

 (3) signed by at least two
 individuals, each of whom signed
 within a reasonable time after each
 witnessed either the signing of the
 will as described in paragraph (2)
 or the testator's acknowledgment of
 that signature or acknowledgment of
 the will.

 b. A will that does not comply with subsection
 a. is valid as a writing intended as a will,
 whether or not witnessed, if the signature and
 material portions of the document are in the
 testator's handwriting.

 c. Intent that the document constitutes the
 testator's will can be established by
 extrinsic evidence, including for writings
 intended as wills, portions of the document
 that are not in the testator's handwriting.

 Appellant asserts that since the Proposed Will contains

Alice's signature at the beginning of the writing, it is invalid.

However, if Alice wrote her name at the beginning of the document

 4 A-2751-15T3
and intended it to be her signature, it will suffice. In re Estate

of Siegel, 214 N.J.Super. 586, 592 (App. Div. 1987).

As Judge Dow explained, Siegel is

 directly on point in the present case. As the
 parties stipulate that there is no issue as
 to material fact regarding [Alice's]
 handwriting, the [c]ourt finds that [Alice]
 intended the opening line, "I am Alice
 Malsberger[,]" to serve as a signature to the
 document, despite its placement at the top of
 the page. Accordingly, under N.J.S.A. 3B:3-
 2(b), the [c]ourt finds that the Proposed Will
 constitutes a valid will as both the writing
 and signature are in [Alice's] handwriting.

 B.

 A document that does not comply with the requirements of

N.J.S.A. 3B:3-2(a) or (b) is nevertheless valid as a document

intended as a will and may be admitted to probate upon satisfaction

of N.J.S.A. 3B:3-3, which provides:

 Although a document or writing added upon a
 document was not executed in compliance with
 [N.J.S.A.] 3B:3-2, the document or writing is
 treated as if it had been executed in
 compliance with [N.J.S.A.] 3B:3-2 if the
 proponent of the document or writing
 establishes by clear and convincing evidence
 that the decedent intended the document or
 writing to constitute: (1) the decedent's will
 . . . .

 In a case involving New Jersey's codification of the "harmless

error" doctrine, we noted a writing need not be signed by the

testator in order to be admitted to probate. In re Probate of

Will and Codicil of Macool, 416 N.J. Super. 298, 311 (App. Div.
 5 A-2751-15T3
2010). To admit a writing into probate as a will under N.J.S.A.

3B:3-3, we held:

 [T]he proponent of the writing intended to
 constitute such a will must prove, by clear
 and convincing evidence, that: (1) the
 decedent actually reviewed the document in
 question; and (2) thereafter gave his or her
 final assent to it. Absent either one of these
 two elements, a trier of fact can only
 speculate as to whether the proposed writing
 accurately reflects the decedent's final
 testamentary wishes.

 [Id. at 310.]

 We are unpersuaded by appellant's challenge to the probate

of the Proposed Will on the ground that "the [d]ecedent did not

intend the document to be her Final Will[,]" but only "the basis

for a subsequent will that would be 'validated' by a lawyer." This

contention overlooks the plain meaning of Alice's written words.

Alice clearly stated her testamentary intent by providing precise

instructions of a testamentary nature, including burial

instructions, the appointment of an executor, and the liquidation

and division of her estate to her designated beneficiaries.

 We also reject appellant's argument that Alice's stated

intention "to see a lawyer and to validate everything" precludes

a finding of testamentary intent. We agree with Judge Dow that

Alice's "comments, taken at face value, simply indicate an

intention to visit a lawyer to finalize a document with any

 6 A-2751-15T3
required formalities and does not invalidate Alice's present

intention that the Proposed Will constitute a valid will."

 For the reasons expressed by Judge Dow in her cogent opinion,

we are satisfied Alice's Proposed Will embodied her testamentary

intention and was properly admitted to probate.

 Affirmed.

 7 A-2751-15T3